UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH BELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:97CV00324 ERW |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Petitioner has filed a motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Petitioner does not claim any error with the Court's disposition of his petition for writ of habeas corpus, which was denied on March 27, 2007. Instead, petitioner states that he is challenging the constitutionality of 28 U.S.C. § 2254(i), which states, "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Petitioner seeks a declaratory judgment that § 2254(i) is unconstitutional so that he can litigate new habeas claims in this Court. Specifically, petitioner proposes to bring new claims of trial court error, prosecutorial misconduct, ineffective assistance of trial counsel, and ineffective assistance of postconviction counsel.

A Rule 60(b) motion by a prisoner that asserts a federal basis for relief from a state court's judgment of conviction must comply with the second or successive restrictions. Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). That is, if the motion's factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence, it should be construed as a second or successive habeas petition, regardless of the label the prisoner attaches

to the motion. In this case, petitioner is attempting to bring new claims challenging the constitutionality of his conviction. Therefore, it is properly construed as a second or successive petition under 28 U.S.C. § 2244(b).

Before bringing a successive habeas petition in this Court, petitioner must first obtain leave from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because he does not have the requisite leave, the Court will deny the motion.

Alternatively, even if the motion were properly characterized as coming under Rule 60(b), the Court would still deny it. Under Rule 60(c)(1), a Rule 60 motion must be filed "within a reasonable time." The underlying petition was dismissed more than seven years ago. Therefore, the instant motion has not been made in a reasonable time.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for relief from judgment under Rule 60(b)(6) [ECF No. 65] is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

So Ordered this 27th day of October, 2014.

                                                            *E. Richard Webber*
                                                            _____
                                                            E. RICHARD WEBBER
                                                            SENIOR UNITED STATES DISTRICT JUDGE